**In re Lacey L. SIMMONS, Debtor.**

**Bankruptcy No. 88–1395.**
**Motion No. 88–5858M.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Nov. 22, 1988.

Catherine M. Cola, Asst. Atty. Gen., Chief Counsel's Staff, Columbus, Ohio, for Ohio State Teachers Retirement System.

Gary J. Gaertner, Pittsburgh, Pa., Chapter 13 Trustee.

William R. Lauer, Sewickley, Pa., for debtor.

## MEMORANDUM OPINION

JOSEPH L. COSETTI, Bankruptcy Judge.

This matter comes before the court on a Motion, filed by the Ohio State Teachers Retirement System ("STRS"), to Obtain Relief from Income Deduction Order and Termination of Order Against The Ohio State Teachers Retirement System.

On May 20, 1988, the debtor filed a voluntary chapter 13 petition. At the meeting of creditors on July 15, 1988, the debtor consented to an order attaching his income from STRS. Upon the trustee's motion indicating the debtor's consent, an order was issued on July 19, 1988 attaching a portion of the debtor's monthly income from STRS to fund his chapter 13 plan.

■ Section 1325(c) of the Bankruptcy Code provides that the court may order *any entity* from whom the debtor receives income to pay such income to the chapter 13 trustee. Section 1325(c) uses the word "entity." Entity is defined in section 101 of the Bankruptcy Code to include estates, trusts, and *governmental units*. Had Congress not intended to grant authority to the Bankruptcy Court to reach income from estates, trusts, and governmental units, it could have used a more restrictive term, such as "person" alone. A person is defined in section 101 of the Bankruptcy Code to include individuals, partnerships, and corporations.

■ Congress used the term "income." Congress clearly understood the difference between the terms "earnings" and "income." Congress used the term "income", which is more encompassing than "earnings." Section 1322(a)(1) of the Bankruptcy Code clearly requires the chapter 13 plan to provide for the submission of not only earnings but also other income to the supervision and control of the trustee. The use of the term "income" in section 1325(c) of the Bankruptcy Code provides the bankruptcy court with broad authority to reach income of whatever type, in order to fund the debtor's best effort in a chapter 13 plan.

STRS relies upon the definition of property of the estate for its request for termination of the income attachment order. STRS looks to section 541(c)(2) to argue that the debtor's retirement income is not property of the bankruptcy estate. Nothing within the language of section 1325(c) of the Bankruptcy Code restricts the court's attachment powers to income which meets the section 541 definition of property of the estate.

The appellate courts have not agreed on this issue. STRS relies on the case of *McLean v. Central States, Southeast and Southwest Areas Pension Fund*, 762 F.2d 1204 (4th Cir.1985), which would appear to bar the issuance of an income attachment order in the circumstances of this case. The second circuit disagrees. In the case of *Regan v. Ross*, 691 F.2d 81 (2d Cir.1982), an attachment of monthly pension benefits from a similar state employees' retirement fund was upheld as a legitimate exercise of the bankruptcy court's authority under section 1325 of the Bankruptcy Code.

A chapter 13 is an income based form of bankruptcy, as opposed to asset based. Chapter 13 is designed to reflect our present income based consumer creditor economy. As set forth by the second circuit in the *Regan* opinion: "[a]ny doubt regarding the scope of the Section 541(c)(2) exception or its applicability in Chapter 13 cases must be resolved in a manner consonant with both legislative history and explicit statutory language directing that all forms of income—and pension income specifically—may be used in a Chapter 13 repayment plan." *Id.* at 85. In the context of Chapter 13, STRS's reliance on section 541(c)(2) to exclude this retirement income is misplaced.

■ Does state law prohibit such attachment? STRS argues that Ohio law prohibits the bankruptcy laws from requiring payment of a retirement benefit to anyone other than the designated retirant. STRS relies upon *McLean v. Central State*, 762 F.2d 1204, which construes estate property under 11 U.S.C. § 541(a)(1) to include a pensioner's interest in a trust fund only

after it is paid to the debtor under the terms of the trust. *Id.* at 1206.

In this instance, debtor Simmons is a STRS retiree who receives a monthly benefit from STRS. Mr. Simmons is entitled to receive the benefit for his lifetime, in accordance with any option concerning a joint or survivorship plan selected upon his retirement. Section 3307.71 of the Ohio Revised Code has an anti-assignment clause which prevents any assignment of any right to the retirant's benefit payment to anyone other than that retirant. The *McLean* court found a similar Illinois provision to create an enforceable transfer restriction and found such restriction exempts any pension benefit from the estate property until paid to the debtor. Does the spendthrift trust concept apply in this situation?

The analogous state law concept at work on these facts is the concept of a spendthrift trust. A "spendthrift" trust is "[a] trust in which by the terms of the trust or by statute a valid restraint on the voluntary and involuntary transfer of the interest of the beneficiary is imposed...." Restatement (Second) Trusts § 152(2) (1959). Such a trust "protects income which has been received by the trustee but has not been paid by him to the beneficiary." Restatement (Second) Trusts § 152, comment h (1959). However, if the trustee pays income, otherwise payable to the beneficiary, to a third person "at the direction of the beneficiary, the trustee is under no liability to the beneficiary for making such payment ... This is true [when] the payment is ... paid to a creditor of the beneficiary...." Restatement (Second) Trusts § 152, comment i. This is precisely the situation in the instant case, and a logical result, since "the income of a spendthrift trust can be transferred or reached by creditors once it has been paid by the beneficiary." Restatement (Second) Trusts § 152, comment j.

A chapter 13 is a voluntary chapter. The request for wage attachment is voluntary in nature. The Chapter 13 Trustee attachment does not invade the corpus of the trust. The corpus is not debtor's property.

It attaches to the monthly payment when the debtor's rights to the payment are complete. Ohio law may prohibit other creditors from attachment of the monthly payment, but Ohio law does not operate to prohibit a chapter 13 operating under a federal statute. Chapter 13 is a remedial statute. It is designed to aid the debtor-spendthrift in paying his debts. It does not act to dissipate the trust or the monthly dividend.

The motion is denied.

An appropriate order will be issued.