**In re Anna Lee VEGA, Debtor.**

**Bankruptcy No. 93–31434–C.**

United States Bankruptcy Court,
W.D. Texas,
El Paso Division.

Jan. 24, 1994.

490

Jerry Tanzy, El Paso, TX, for debtor.

Mounce & Galatzan, Bernard R. Given, II, El Paso, TX, Jerald S. Meyer, Armstrong, Teasdale, Schlafly & Davis, Kansas City, MO, for Public School Retirement System of Missouri.

## ORDER ON MOTION FOR RELIEF FROM ORDER TO PAY TRUSTEE

LEIF M. CLARK, Bankruptcy Judge.

CAME ON for consideration the motion of the Public School Retirement System of Missouri for relief from a "pay order" entered in this case.

Pay orders are routine practice in chapter 13 cases in this district, and are issued pursuant to 11 U.S.C. § 1325(c). PSRS maintains that it should not have to honor such an order because the source of income in this case is pension benefits from a state-mandated retirement plan. Missouri law provides that funds in the system and benefits accruing therefrom are inalienable and may not be assigned. Mo.Rev.Stat., §§ 169.090, 169.010, 169.130 (1986). PSRS argues that, under *Patterson v. Shumate*, —— U.S. ——, ——, 112 S.Ct. 2242, 2246, 119 L.Ed.2d 519 (1992), the retirement fund and its benefits are not property of the estate because they are excluded under Section 541(c)(2), just as would be an ERISA retirement plan and its benefits. Therefore, concludes PSRS, the fund cannot be made the subject of a pay order under Section 1325(c).

Section 1325(c) provides that "[a]fter confirmation of a plan, the court may order any

entity *from whom the debtor receives income to pay all or any part of such income to the trustee."* 11 U.S.C. § 1325(c) (emphasis added). Section 1306(a)(2) includes as property of the estate "earnings from services performed by the debtor after the commencement of the case ..." 11 U.S.C. § 1306(a)(2). On its face, "income" encompasses far more than just "earnings for services performed by the debtor after the commencement of the case." The question raised by the language of these two statutory provisions is whether "income" is a generic term designed to reach all income received from whatever source, or whether it is *sub rosa* delimited by the definition of property of the estate found in Section 1306.

Judge Cosetti looked first to the plain language in *In re Simmons,* concluding that, "Nothing within the language of section 1325(c) of the Bankruptcy Code restricts the court's attachment powers to income which meets the section 541 definition of property of the estate." *In re Simmons,* 94 B.R. 74, 75 (Bankr.W.D.Pa.1988). However, both of the circuit courts that have addressed the question have assumed *sub rosa* that Section 1325(c) *is* coterminous with the expanded definition of property of the chapter 13 estate found in Section 1306. The Fourth Circuit rejected as "wooden" the trustee's preferred interpretation of Section 1325(c) as simply an administrative provision: "Section 1325(b) [now (c) ] simply provides a means for bringing estate property realizable as future income of the debtor directly into the trustee's control, but it does not purport to define the scope of estate property." *McLean v. Central States, S. & S. Areas Pension Fund,* 762 F.2d 1204, 1209 (4th Cir.1985). The Second Circuit found that a pay order *could* reach a debtor's pension benefits, but only because it *also* found that such benefits were not excluded by Section 541(c)(2). *Regan v. Ross,* 691 F.2d 81, 85 (2d Cir.1982). These two courts split on their interpretation of Section 541(c)(2), not on their interpretation of Sec-

tion 1325(c). Now that the Supreme Court has resolved the latter question by *Patterson v. Shumate,* there is no substantive difference in their approach. Both see the reach of Section 1325(c) as coterminous with the definition of property of the estate.

Only *Simmons* appears to have actually held that the reach of Section 1325(c) exceeds the grasp of Section 1306, based largely on a "plain meaning" approach to the statute. The approach of the circuit courts appears to have been largely intuitive, for neither *McLean* nor *Regan* explain why they assume the reach of pay orders to be coterminous with the boundaries of property of the estate. In this court's view, however, the circuit courts are indeed justified in relying on their intuitions.

 A pay order is, first and foremost, a court order. It cannot be issued unless the court has the subject matter jurisdiction to do so. The party against whom such an order is directed is not otherwise a party to the proceeding. It is only by virtue of the debtor's *property interest* in the fund in question that the court has the jurisdiction to enter an order binding on a third party. Congress has conferred broad and exclusive jurisdiction in the district court (and by extension the bankruptcy court) over property of a bankruptcy estate in Section 1334(d) of Title 28, and it is via that jurisdiction that a bankruptcy court is justified in issuing orders under Section 1325(c) to those who hold property of the estate, such as entities from whom a debtor is receiving income, to pay all or a portion of that income to the trustee. No other source of jurisdiction is available to support the validity of Section 1325(c).[1]

 Thus, the only interpretation of Section 1325(c) that saves it from invalidity (for conferring a power beyond the subject matter of the courts to exercise in the first place) is one that limits its reach to the scope

---

1. Section 1334(a) only gives the district court exclusive jurisdiction over the initiation of a bankruptcy case. 28 U.S.C. § 1334(a). Section 1334(b) gives the court nonexclusive jurisdiction over "civil proceedings" arising in or under or related to a case initiated under Title 11, but a pay order does not issue out of a "civil proceed- ing" to which the target of the order has been made a party. 28 U.S.C. § 1334(b). Only if trustees or debtors first initiated a "civil proceeding," naming and serving the employer (or other entity) as a party thereto, could Section 1334(b) even conceivably be invoked.

**492**

of property of the estate as found in Section 1306. The PSRS cannot be compelled to honor a pay order if the *res* in question lies outside the subject matter jurisdiction of this court. Of course, once the funds are paid over to the debtor, they become (at least conceivably) property of the estate, so it is legitimate for the trustee to consider the *income* realized by the debtor from this fund when she considers whether to recommend confirmation of the debtor's plan. And similarly, the debtor is free to use these funds to fund her plan upon her receipt of them. But these are different issues from the one presented by PSRS. PSRS simply wants to be free of the onus of having to honor pay orders from bankruptcy courts. This court concludes they should be.

The motion for relief from order must be granted. The pay order is vacated.

So **ORDERED**.